## Middleby's Estate.    McCarthy's Appeal.

*Decedents' estates—Executors—Mismanagement—Discharge — Evidence—Depositions—Party within jurisdiction—Depositions of a respondent—Court records.*

1. A resident and a nonresident were appointed ancillary executors of a decedent's estate, and in accordance with the directions of the will were to operate the business left by the testator. The resident executor did not participate in the management thereof, and the nonresident executor appointed as his agent therefor a third person whose conduct was detrimental to the interests of the estate, and who was restrained at the instance of the resident executor, by injunction, from wasting its assets. Thereafter the resident executor petitioned for the removal of the nonresident executor, alleging that he was mismanaging the estate. *Held,* that the court was correct in removing such executor, where a finding that he had neglected to perform his duties, had grossly mismanaged the estate to its great injury, and had refused to appear before the court to explain his conduct, when directed so to do, was justified by the evidence.

2. In such a case, the record of injunction proceedings brought by the resident executor against the manager for the purposes of preventing the wasting of the assets is admissible in evidence, where it appears that the nonresident executor had in a letter to his attorney referred to said manager as his agent.

3. A motion by such nonresident executor for the appointment of a commission to take his depositions was properly denied, as he was a party to the record, and for the purposes of the estate, within the jurisdiction of the court.

Argued April 14, 1913. Appeal, No. 43, Jan. T., 1913, by Jeremiah J. McCarthy, from decree of O. C. Berks Co., June T., 1912, No. 33, dismissing Jeremiah J. McCarthy as ancillary executor of Estate of Joseph Middleby, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Citation to show cause why an ancillary executor should not be dismissed. Before BLAND, P. J.

From the record it appeared that Jeremiah J. McCarthy and Milton A. Gherst were ancillary executors of the estate of Joseph Middleby, deceased; McCarthy was a resident of Massachusetts, Gherst of Pennsylvania.

The executors in accordance with the provisions of the will of Joseph Middleby, deceased, operated the automobile factory of the decedent in the City of Reading, McCarthy placed G. A. Nystrom in charge of the works. Nystrom had no experience in the manufacture of automobiles. C. H. Ruhl, Esq., attorney for Milton A. Gherst, one of the executors, complained to McCarthy in a letter that he had for a long time refused to consult his co-executor about anything, had taken exclusive charge of the assets of the estate, had hired employees who refused to confer with Mr. Gherst or give him any information concerning the business, and to this letter received no reply from McCarthy. Mr. Gherst testified that this letter contained a correct statement of the affairs. Milton A. Gherst, as executor, thereafter filed a bill in equity against Nystrom alleging that the conduct of the said Nystrom was detrimental to the interests of the estate of Joseph Middleby, deceased, and that he was apprehensive that the said Nystrom would remove the property and estate from the jurisdiction of the court, and prayed for a preliminary injunction restraining the said Nystrom from selling or disposing of any of the property of the estate and from removing the same from the premises and plant of the decedent, etc. An injunction was granted. Thereafter the petition of Milton A. Gherst was presented and a citation awarded directed to Jeremiah J. McCarthy, to show cause why he should not be discharged as an ancillary executor of Joseph Middleby, deceased. To this citation the appellant filed an answer. Testimony was taken before the president judge of the Orphans' Court beginning October 23, 1912, and on October 28, 1912, a petition was presented by William J. Rourke, Esq., attorney for Jeremiah J. McCarthy, for a rule for a commission to take

depositions of Jeremiah J. McCarthy and G. A. Nystrom at Boston. Objection was made to the petition so far as the taking of the depositions of Jeremiah J. McCarthy was concerned, it being desired to have McCarthy personally appear in court. The court permitted the taking of depositions of G. A. Nystrom and William E. Burke in the City of Boston and overruled the motion to take the depositions of McCarthy.

The court found as follows:

That ancillary letters testamentary were granted by the register of wills of this county upon the estate of Joseph Middleby, to Jeremiah J. McCarthy and Milton A. Gherst, on the 10th day of June, 1911; that the said Jeremiah J. McCarthy has neglected to perform his duties as executor aforesaid, and has grossly neglected and mismanaged the said estate, to its great injury; that he has neglected the orders of the court and has persistently refused to appear before this court when directed so to do, to explain his apparent misconduct in the administration of the estate.

The court entered the following decree:

And now, January 11th, 1913, it is, upon due consideration, ordered, adjudged and decreed that the said Jeremiah J. McCarthy be dismissed as ancillary executor of the estate of said Joseph Middleby, and that he file an account of any assets of the estate of said decedent in his hands, and not heretofore accounted for. It is further ordered that the costs of the proceedings be paid by the said Jeremiah J. McCarthy.

*Errors assigned,* among others, were the refusal of the court to grant a commission to take the testimony of the appellant, the admission of certain evidence referred to in the opinion of the Supreme Court, and the decree of the court.

*William J. Rourke,* for appellant.

*H. P. Keiser*, with him *C. H. Ruhl*, for appellee.

PER CURIAM, June 27, 1913:

No error was committed in refusing a commission to take the deposition of the appellant. He was, as the court below correctly said in denying the motion for the commission, a party to the record, and, for the purpose of the estate, within the jurisdiction of the court. Nor was there error in admitting in evidence the record of the proceeding in equity between Gherst, ancillary executor, and Nystrom, for, though the appellant was no party to that proceeding, he had written, on August 10, 1912, to William J. Rourke, Esq., his attorney, as follows: "I should like you to advise Mr. Nystrom of his rights in the matter of the suit brought against him by Mr. Gherst. What I wish to avoid is any breach by him of any temporary injunction or order of the court. I should like you to prepare answer for Nystrom and submit it to me and then with your approval, file it in the case and push the case for trial without any quarter to Gherst who is deserving of no consideration." In this letter he referred to Nystrom as his agent.

Under the single fact justly found by the court below, the appellant has forfeited all right to continue to act as ancillary executor, and the decree discharging him is affirmed at his costs.