## Grimsley *v.* Black, Appellant.

*Practice, C. P.—Trial—Evidence—Cross-examination—Commissions —Depositions—Continuance.*

1. A defendant who depends upon the plaintiff to furnish on cross-examination material evidence in his behalf, must, where the defendant is resident in another state, procure such evidence either by commission and interrogatories or by depositions in advance of the trial. He cannot rely upon a mere notice to counsel for the plaintiff to produce the latter at the trial for cross-examination. Such notice if the plaintiff fails to appear at the trial is not ground for a continuance.

*Evidence—Parol agreement—Contemporary parol agreement.*

2. In order to overthrow a solemn written instrument by substituting a parol contemporaneous agreement for it, the evidence must be clear, precise and indubitable.

Argued May 9, 1913. Appeals, Nos. 175, 176, 177 and 178, April T., 1913, by defendant, William H. Black, from judgments of C. P. Allegheny Co., Sept. T., 1908, Nos. 1017, 1018, 1019 and 1020, on verdicts for plaintiffs in cases of Ophelia Grimsley, Verona Sims, Phenie Tapp and Dessie Tapp v. William H. Black. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on an agreement in writing. Before REID, J.

At the trial it appeared that plaintiff sued upon an agreement in writing, the details of which are set forth in the opinion of REID, J., on motion for new trial, infra.

The defendant made the following call:

Mr. Patterson: In case of Ophelia Grimsley, we have served Mr. Jennings, the (attorney for the) principal plaintiff here, for the production of the plaintiff for cross-examination. And, as the plaintiff is of course in court, we ask him to produce Ophelia Grimsley for cross-examination in that case and any of the other cases we ask to have them called for cross-examination.

414    GRIMSLEY *v.* BLACK, Appellant.

Statement of Facts—Opinion of Court below.    [54 Pa. Superior Ct.

Mr. Ivory: Mr. Patterson certainly knows better than that. There is a way of taking the testimony of parties, the same as other witnesses in the case.

The Court: The parties are not here?

Mr. Ivory: No.

Mr. Patterson: We served them with notice to produce these people in ample time; and, if they are not present, I will have to ask for a continuance.

Counsel for defendant, after notice to produce the plaintiffs in these several cases, for cross-examination, and they not being produced, now request the court to grant him a continuance, for purpose of taking their testimony, he only having appeared as counsel in this case within the last week.

Motion refused.   Exception. [1]

Mr. Ivory: I move to strike out the testimony of Wm. H. Black, witness, for the following reasons:

First, because the testimony generally is incompetent and irrelevant to the issue being tried.

Second, because the testimony does not come up to the offer made or the allegations of the affidavit of defense.

Third, because the testimony does not disclose that there was any authority on the part of the counsel for claimants to make the contract.

Fourth, because the testimony, on the contrary, disclosed affirmatively that counsel for the claimants stated that he had no authority to make any compromise.

Motion granted.

To which ruling of the court counsel for the defendant request an exception.

Exception allowed and bill sealed. [3]

The court gave binding instructions for plaintiffs.

Verdicts and judgments in each case for $318.75.

On motion for a new trial REID, J., filed the following opinion:

The four cases above stated were tried together by consent.

The plaintiffs sue in assumpsit to recover from the defendant $500 due by virtue of the terms of a certain written agreement, exhibit "A," of the various statements of claim.

By reference to this instrument it will be seen that the plaintiffs were legatees to the amount of $500 each under the last will of Alexander M. Black, which was being contested by Mrs. R. J. Graham and others in an issue devisavit vel non pending in the court of this county at No. 369, April Term, 1907.

The defendant in the case at bar, as appears by the agreement, purchased the interest of Mrs. R. J. Graham and desired to procure the settlement of the will case then pending—by having a verdict entered for the defendants in the issue devisavit vel non, and the subsequent probate of another will, of earlier date, which provided for the same legatees and devisees as were named in the will in contest, except the four plaintiffs in the case at bar.

This being the situation, on October 25, 1907, the will contest being on for trial, defendant signed the agreement, exhibit "A," in consideration of the settlement of said contest when he undertook:

First. To offer for probate the will of Alexander M. Black, dated January 31, 1900, and, second, to pay or cause to be paid to W. K. Jennings for his clients, Verona Sims, Ophelia Grimsley, Phenie Tapp and Desie Tapp, the sum of $500 each within four months from date.

The affidavits of defense admit that fifty per cent of the amount sued for was due and judgments for the amounts were taken, leaving the sum of $250, with interest from February 25, 1908, in controversy.

Defense is made to this sum in the following terms:

"At the time of the execution of the agreement marked exhibit 'A,' attached to plaintiffs' statement, the matters in dispute relating to the wills of Alexander M. Black were being adjusted and settled between the several persons in interest and W. K. Jennings, Esq.,

representing the plaintiffs above named, as counsel, not being able to communicate with his client, the plaintiff above named, induced defendant to execute the agreement aforesaid with the distinct understanding that the amount to be paid plaintiff should and would be the proportion of the amount of her legacy under said will, based upon the proportion which other legatees, including one Mrs. R. J. Graham, settled and adjusted other legacies or claims against said estate of Alexander M. Black with defendant.

"That all claims or legacies, except those mentioned in the agreement exhibit 'A,' aforesaid, were settled and adjusted upon a basis of fifty per centum, or less, in each case."

A supplemental affidavit adds the following:

"That the parol agreement and understanding made at the time, or contemporaneous with the written agreement, as set forth in said parol agreement, constituted the inducement for the execution and delivery of the written agreement set forth in plaintiff's statement, upon the faith of which defendant executed it, and without which said agreements or understandings he would not have done so."

The plaintiffs offered the undenied averments of the statement of claim and after allowing credit for payment of $250 in each case rested.

Mr. Patterson for the defense, after opening his case, asked plaintiffs' counsel to produce the plaintiff Ophelia Grimsley for cross-examination in her case, and in the other three cases asked that the plaintiffs be called for the same purpose. Upon inquiry by the court it was learned that none of plaintiffs were present.

The agreement sued upon gives the place of the residence of the plaintiffs as Spottsylvania, Virginia, counsel for the defendant stating that he had served plaintiffs' counsel with notice to produce the several plaintiffs at the trial for cross-examination, and they not being in attendance, moved the court to continue

the cause, for the purpose of taking their testimony. This motion was refused and the defense proceeded to trial. The only reason assigned on the record by counsel for not taking or attempting to take the testimony of the parties at an earlier date was that he had only appeared in the case within the preceding week; and (although that reason was not put on record) stated that he had a right to rely upon the presence in court of the several plaintiffs, in pursuance of the notice referred to.

Before the conclusion of testimony on behalf of defendant, defendant's counsel again moved to continue the cause, offering to pay the costs of the trial "for the purpose of procuring the testimony of the plaintiffs in these cases, to show that Mr. Jennings, as their attorney, was authorized to make the agreement testified to by Mr. Black, and that his action in so doing was afterwards ratified by plaintiffs.

This motion was also refused for the reason that the court had already passed upon the question and that there was nothing upon the record to show why it should be granted.

Other counsel than Mr. Patterson appeared in the case for defendant, filed the affidavit of defense, the supplemental affidavit and the sole charge apparently down to the week previous to the trial. No statement was made or affidavit filed explaining the failure to take or attempt to take the testimony of plaintiffs as upon cross-examination, either by commission and interrogatories, or by depositions. The case was put at issue December 1, 1910, and was reached for trial September 23, 1912.

If it be the law that a party litigant who depends upon the opposing party to furnish on cross-examination, material evidence in his behalf, may require him by written notice to be in court at the trial, and need not attempt to procure his testimony in advance, by one of the means above indicated, then the court was wrong in refusing a continuance.

The able brief of defendant's counsel has not convinced us that such is the law. The dictum of Judge McILVAINE, in Gray v. Braden, 13 Pa. Dist. Rep. 481, as to the effect and purpose of sec. 7 of the Act of May 23, 1887, P. L. 158, cannot control and it is to be read in connection with the concluding lines of his opinion, which are as follows:

"This ruling of the court, of course, would not prevent any party from obtaining a rule to take the testimony of a party to be used in case of his death before the trial, or for any other cause shown the court by petition duly verified, that would move a chancellor to grant such a rule."

Now, the great distance which the plaintiffs resided from this court, the probability of their being hostile and unwilling to testify; the uncertainty of four plaintiffs, each with a claim of only $250 traveling from a remote part of Virginia to attend upon the trial of a case in which their presence was not needed to support their own claim, would all be facts, which if presented, would almost certainly result in the granting of a rule for the taking of depositions.

Defendants' counsel also cites Asch v. West Philadelphia Pass. Railway Co., 4 W. N. C. 571, to support his position. Not only that case, but Brandon v. George, 4 Schuylkill Leg. Rec. 24, and of Gray v. Braden, 13 Pa. Dist. Rep. 481, whilst discussing the question of depositions as on cross-examination and the desirability of having the witnesses present in court, only actually decide that such a deposition will not be permitted without its propriety and necessity being first established by proper petition or affidavits.

Even in the case of Asch v. Ry. Co., 4 W. N. C. 571 (C. P. No. 2 of Phila. Co.), the court held that the application "was within the letter of the law," but that a mere "fishing expedition" would not be encouraged.

In the case of as good authority, immediately preceding that just cited, Wise v. Philadelphia Dispensary,

4 W. N. C. 571 (C. P. No. 1 of Philadelphia County) being an application for a rule to take depositions of an adverse party, as upon cross-examination, the court says:

"The defendants here have the same rights to the testimony of Wise, the plaintiff, if they think it to be in their favor, or relevant to their case, as that of any other witness. Besides, the third section of the Act of Assembly (April 15, 1869, P. L. 30) shows this to have been the intent of the legislature."

Also, in Yerkes v. Whitaker, 4 W. N. C. 571, immediately following that of Asch v. Railway Company, it was held in common pleas No. 3 of Philadelphia county, that before a rule for depositions in such cases would issue an affidavit would be required setting forth the reasons for application and the proposed line of examination, thus recognizing the right to take the deposition of an opposing party.

As to the proof offered by defendant to support his contention of the execution of a parol contemporaneous contract which he avers displaced the written agreement sued on, we need not say much. A comparison of the offer made by defendant's counsel and the proof which followed in support of it (not to speak of its essential departure from the facts set up in the affidavit of defense), convince us that we were right in striking out the evidence of the defendant, and of his counsel, Mr. Craig, which was exactly to the same effect.

Nothing is better settled than the principle that to overthrow a solemn written instrument, by substituting a parol contemporaneous agreement for it, the evidence must be clear, precise and indubitable.

The offer was to show that Mr. Jennings procured the defendant's signature to exhibit "A," upon his assurance that "he would expect to receive for them the same portion of their legacies as other legatees and devisees under the second and first wills received in settlement of their claim; that no more would be expected for

these four people than the proportions paid to the other people; this to be followed by evidence that these people received only fifty per cent of the amount of money provided for them as legacies or devises stipulated for them in the two writings purporting to be the wills of Alexander M. Black."

The affidavit of defense already quoted shows that the amount to be paid plaintiffs would be the proportion of the amount of the legacies under the will based upon the proportion which other legatees, including Mrs. R. J. Graham, settled and adjusted their legacies or claims against defendant. That all claims or legacies, except those mentioned in the agreement, were settled and adjusted upon a basis of fifty per cent, or less, in each case.

The offer and affidavit of defense must be read together. The effect must be limited to the matters set out in the latter.

After the testimony was in, all the elements above specified were lacking, especially clearness and precision. A jury could not accurately determine what proportion had been paid to various claimants. Some claims alleged by the affidavit to be paid proportionately were paid in full, and, in short, there was no evidence which a chancellor would permit a jury to utilize to destroy a written contract.

Even had plaintiffs been present at the trial, as demanded by defendant, all they could have testified to would have been as to their authorization of the alleged parol agreement, or the subsequent ratification.

Before they could have been estopped by either authorization or ratification the alleged parol contract must first have been established by the full measure of proof. It is evident as plaintiffs were not present that they could not have been used to make certain or clarify the testimony to support the alleged parol agreement.

It was not necessary to rest the ruling of the court, striking out the defendant's testimony or the lack of

authority of Mr. Jennings to make such a contract.   Defendant himself testified that Mr. Jennings explicitly stated he was without such authority, and consequently, he signed the agreement exhibit "A," with full knowledge that plaintiff's attorney could not legally vary its terms.   The court was warranted in disposing of the case on that ground alone but did not.   The lack of full measure of proof, the failure to make good the promise of the offer and the departure from the allegations of the affidavit of defense were in themselves more than sufficient.

The motion for new trial is refused.

*Errors assigned* were (1, 3) rulings on evidence, quoting the bill of exceptions, and (5) in giving binding instructions for plaintiffs.

*Charles F. Patterson,* with him *Hugh S. Craig,* for appellant.

*W. K. Jennings,* with him *D. C. Jennings* and *R. B. Ivory,* for appellees.

PER CURIAM, July 16, 1913:

Notwithstanding the earnest and able argument of appellant's counsel, we are of opinion that all the questions involved in these appeals are correctly and adequately answered in the opinion of the learned trial judge overruling the motion for a new trial.

The assignments of error are overruled, and the judgment in each of the above-mentioned cases is affirmed.