## Beishline v. Tatterfield

*J. Cullen Ganey*, for plaintiff.
*Everett Kent*, for defendant.

STEWART, P. J., October 15, 1934.—This was a rule to show cause why depositions of the defendant should not be taken at Mexico City, Mexico, to be used on the trial of this case. The petition set forth that that was the defendant's residence; that his wife was sick, and that he could not attend the trial of above case at Easton, Pa.; that his wages were so small that he could not afford the expense of traveling to Easton. The facts set forth are very similar to Sims v. Cooper et al., infra. An answer to the rule was filed alleging substantially that the reasons in the petition are not sufficient, and that "The plaintiff further avers that since the court has proper jurisdiction of the parties in this action by reason of personal service on the defendant, it is his duty to appear in court to answer the charges set forth in the plaintiff's statement of claim or otherwise let judgment go by default. The plaintiff is entitled to have the defendant appear in person in order that the jury may have an opportunity to actually see and hear him and to have the benefit of proper cross-examination while personally present in order that they may reach a just conclusion."

The sole matter is, must a party to a case appear in person at the time of trial? In Gray v. Braden, 13 Dist. R. 481, the application was made to take the testimony of a plaintiff. The rule was discharged. The syllabus of the case is:

"Although the deposition of a non-resident party, to be read in his own behalf, may be taken on a rule under the 8th section of the Act of May 23, 1887, P. L. 158, such an application is not to be granted as a matter of course where the adverse party objects; and if the deposition be taken, it cannot be read in evidence, if the adverse party has given notice that he desires the presence of such party at the trial, that he may be cross-examined in the presence of the jury."

In the conclusion of the opinion it is said:

"We are, therefore, of the opinion that, although the deposition of a non-resident party to be read in his own behalf may be taken on a rule under the provisions of the Act of 1887, still it cannot be taken as a matter of course where the adverse party objects, and, if taken, could not be read in evidence if the adverse party had given notice that he desired the presence of the party at the trial that he might cross-examine him in the presence of the jury.

"This ruling of the court, of course, would not prevent any party from obtaining a rule to take the testimony of a party to be used in case of his death before the trial, or for any other cause shown to the court by petition, duly verified, that would move a chancellor to grant such a rule." It appears from the case that President Judge McIlvaine did not intend to lay down a general rule.

That case was distinguished in Sims v. Cooper et al., 27 Dist. R. 471, by President Judge Martin. The syllabus of that case is: "Under section 8 of the Act of May 23, 1887, P. L. 158, which permits the testimony of any competent witness in a civil proceeding to be taken by commission, the court, in a proper case, will make absolute a rule to allow a plaintiff who resides in a distant state to have his own testimony taken by commission."

In Hibbs' Execs. v. Robinson et al., 28 Dist. R. 781, the subject was considered by President Judge Van Swearingen. The syllabus of the case is as follows: "The court will not make an order upon the parties to an action requiring their personal attendance at the trial.

"If a party desires to call the adverse party as a witness, he must bring him into court by subpœna, as in the case of other witnesses." In the opinion President Judge Van Swearingen said: "Plaintiffs have assigned no reason in connection with their motion as to why they desire the presence of the defendants. The court certainly will not 'order and direct' arbitrarily, on mere motion of plaintiffs, without reason assigned, that the defendants be personally present in court at the trial. The trial may proceed without them: Meckes v. Pocono Mountain Water Supply Co., 203 Pa. 13."

We have considered the same subject in Kichline v. Nolf, 12 Northamp. 279, the syllabus of which is: "The court has no power to compel a plaintiff to disclose his case in chief on, a rule by the defendant. Whether the plaintiff will be present at the trial or whether he will be a witness, is entirely in his own control. The defendant may call him as his witness, or may call him for cross-examination."

In Grimsley v. Black, 54 Pa. Superior Ct. 413, the syllabus is:

"A defendant who depends upon the plaintiff to furnish on cross-examination material evidence in his behalf, must, where the defendant is resident in another state, procure such evidence either by commission and interrogatories or by depositions in advance of the trial. He cannot rely upon a mere notice to counsel for the plaintiff to produce the latter at the trial for cross-examination. Such notice if the plaintiff fails to appear at the trial is not

ground for a continuance." That case was affirmed on the opinion of Judge Reid. On page 418 he refers to Gray v. Braden, supra, and many other cases.

The learned counsel for the plaintiff cites a number of cases in support of his position. The best discussion of the subject matter is perhaps contained in International Coal Mining Co. v. Pennsylvania R. R. Co., no. 1, 214 Pa. 469. The rule of court involved in that case was as follows: " 'A rule may in like manner be entered by either party to take the depositions of witnesses without regard to the circumstances of their being aged, infirm or going witnesses, stipulating, however, 8 days' notice to the adverse party; subject, nevertheless, in all other respects to the existing rules and regulations.' " That is to say, the rule provided that depositions should be taken, of course, in any and every case. The appeal was by John Lloyd, who was not a party to the suit, but merely a witness. He refused to answer questions, and the court made an order directing him to answer. He was, therefore, in contempt of court.

In Nace v. Neff College of Oratory, 46 Pa. Superior Ct. 237, the syllabus is:

"The court of common pleas has no jurisdiction to make an order, prior to the trial, to take the deposition of a witness residing more than two hundred miles from a county seat, where the only ground for the order is the distance that the witness would have to travel to appear at the trial, and this is the case although the rule of the court provided that: 'Depositions of parties and witnesses, without regard to the circumstances of their being aged, infirm or going witnesses, may be taken in advance of trial only upon an order of the court upon notice and cause shown.' "

Judge Head, in his opinion, said:

"It will be observed it affirmatively appears that the witness was a resident of Pennsylvania. His personal attendance at the trial could therefore have been secured by the ordinary writ of subpœna. It is not alleged that he was aged, infirm or about to leave the state, or that for any other reason the plaintiff was in any danger of losing his testimony unless his deposition were taken. No cause is assigned for departing from the ordinary and important rule that requires a party litigant to produce his witness in open court where he may be both seen and heard by the trial tribunal, save only in the fact of his residence in a county of the state other than that wherein the cause was pending." It will be observed that Peck was not a party to that suit, only a witness resident in Pennsylvania. Judge Head relied upon International Coal Mining Co. v. Pennsylvania R. R. Co., no. 1, supra. President Judge Rice dissented, and pointed out the difference between that case and the one under discussion where the rule added the important words "only upon an order of the court upon notice and cause shown", and he then discussed the practice of taking depositions of witnesses residing more than 40 miles from the county seat in Pennsylvania, and cited many decisions. His opinion, in which he was joined by Judge Beaver, was that the case should not be reversed. Of course the opinion of Judge Rice and Judge Beaver is only a dissenting opinion, but it calls attention to the fact that, in view of the established practice in Pennsylvania, we should not apply what was said in the two cases last quoted without considering the circumstances of each case, and comparing them with the one before the court.

There is nothing in Middleby's Estate, 242 Pa. 39, which throws light on the present controversy. There the executor refused to appear before the court, and make explanation of the charges against him. Vetter's Estate, 15 D. & C. 218, was an application to take the depositions of a petitioner (that is, a

plaintiff). Her prayer was that the trust created for her by her father's will be terminated, and the corpus awarded to her free of any trust. Judge Sinkler said: "In the exercise of our discretion, we find that the prayer of the petition should be denied, and it is so ordered." He also said: "Generally speaking, the depositions of a nonresident party to a proceeding may be taken on his own motion or at the instance of the other party. A distinction is made between the right of a plaintiff and that of a defendant in this respect. If the former, he must make a strong showing of necessity; if the latter, he is *prima facie* entitled but not of right. This distinction is based upon sound reason, for the plaintiff has brought the proceeding, while the defendant has been compelled to join". Then follows a number of citations. We think that distinction is well founded. Here the application is by the defendant. It is opposed by the plaintiff. What the reason for the opposition is does not appear, but as said in the brief of the learned counsel for the defendant, "In this case surely, if the defendant does not want to be present, the other side has the advantage of his absence." From a careful consideration of the above cases, in the exercise of our best discretion, we are satisfied that the depositions of the defendant should be taken.

And now, October 15, 1934, rule is made absolute.