**Joseph LYNN**

v.

**AMERICAN BARGE LINE COMPANY.**

**Nos. 11628, 11629.**

United States Court of Appeals Third Circuit.

Argued Nov. 4, 1955.

Decided Nov. 16, 1955.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Clyde A. Armstrong, Pittsburgh, Pa. (Thorp, Reed & Armstrong, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Joseph Lynn brought two actions in admiralty against American Barge Line Company. They were dismissed by the district court for the Western District of Pennsylvania on December 14, 1954. The reasons for the dismissal appear in the court's orders in the two cases. In one it is recited that:

"* * * it appearing to the Court that, on several previous occasions, this action has been set down for trial and has, upon motion of counsel for libellant, been continued from time to time upon the representation that counsel for libellant did not know the whereabouts and was unable to communicate with libellant; and it further appearing to the Court that the only offer of proof of the allegations of the complaint offered by libellant's counsel is a certain deposition upon written examination taken by counsel for respondent on July 23, 1952, and that the libellant has presented no further evidence, and particularly has not presented by way of expert medical witnesses or otherwise any other evidence of libellant's alleged injury and disability; and it further appearing to the Court that counsel for respondent, at said hearing, called libellant for cross-examination and that libellant was not present in Court and did not submit himself to said cross-examination;"

In the other it is recited that:

"* * * on May 5, 1954, respondent served upon counsel for libellant certain interrogatories propounded and filed pursuant to Rule 31 of the Supreme Court Rules governing Admiralty Proceedings [28 U.S.C.]; that, in accordance with the provisions of said Rule 31, the said interrogatories contained therein a notice to libellant to make answer thereto, in writing, and under oath within fifteen days from the date thereof; that said libellant has wholly failed to answer said interrogatories or to file objections thereto, * * *"

The respondent made the appropriate motions to dismiss. The reasons for the dismissal set out by the court are verified by an examination of the record in the case.

The judgments appealed from will be affirmed.