**Charles DINSEL**

v.

**The PENNSYLVANIA RAILROAD COM-PANY, a corporation.**

**Civ. A. No. 13912.**

United States District Court
W. D. Pennsylvania.

Oct. 5, 1956.

See also 144 F.Supp. 880.

Robert B. Ivory, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, Chief Judge.

In this proceeding under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., substantial dispute exists between the parties as to the extent and nature of an alleged brain injury sus-tained by the plaintiff.

At a most extended pre-trial hearing, plaintiff's counsel stated that it was doubtful that he would call the plaintiff to testify in view of his mental condition resulting from the brain injury sustained in the accident. Defendant has requested the court to call the plaintiff as a witness in plaintiff's case for purpose of cross-examination. Defendant further requested that plaintiff's counsel be directed to have the plaintiff present during the whole of the trial, or in the alternative, during such part of the trial as would enable the defendant to call the plaintiff as a witness at the time and for the purpose above stated.

Two most important questions are presented in connection with this request:

1. The right or discretion of the court to direct plaintiff's counsel to have the plaintiff present.

2. The right of the defendant to call the plaintiff for cross-examination during presentation of plaintiff's case.

Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C., provides, inter alia, that all evidence shall be admitted which is admissible under the statutes of the United States or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held.

It, therefore, becomes necessary to resolve the question whether the request of defense counsel is proper either under the law of the United States or the Commonwealth of Pennsylvania.

Rule 43(b) of the Federal Rules of Civil Procedure provides, inter alia, that a party may call an adverse party and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by the adverse party.

Pennsylvania statute provides, inter alia, that in any civil proceeding a party to the record may be compelled by the adverse party to testify as if under cross-examination, and the adverse party calling such person shall not be concluded by the testimony, but such person so cross-examined shall become thereby a fully competent witness. Act of May 23, 1887, P.L. 158, Section 7, Act of March 30, 1911, P.L. 35, Section 1, 28 Pa.P.S. § 381.

■ I have been unable to find any provision of law of the United States which requires a plaintiff or a party litigant to be present during trial, nor can I find any judicial authority that would authorize the court to require counsel for the plaintiff to have the plaintiff present during the whole or any part of said trial.

■ Under the law of the Commonwealth of Pennsylvania a defendant cannot rely upon a notice to counsel for the plaintiff to produce the plaintiff at the time for cross-examination, and, therefore, if the defendant desires to make positive that plaintiff is present for the purpose of enabling the defendant to call the plaintiff for cross-examination, it will be necessary for the defendant to subpoena the plaintiff in the same manner as any other witness. Pennsylvania Evidence, Henry, Volume 2, Section 766, page 199; Grimsley v. Black, 54 Pa. Super. 413.

■ Undoubtedly, either under the law of the United States or the Commonwealth of Pennsylvania, defendant would have the right to call the plaintiff for cross-examination, but such action must be taken in the presentation of defendant's case and subject to the rules which govern a witness in this category. Since no authority in law can be found that would permit defendant to call the plaintiff for cross-examination in plaintiff's case, I must conclude that plaintiff's right to present his case unhampered and untrammeled would be seriously jeopardized by permitting defendant to superimpose on plaintiff a witness in the plaintiff's case that he does not elect to call in support of his claim.