**Roman TORINO, Appellant,**

v.

**TEXACO, INC.**

No. 16244.

United States Court of Appeals
Third Circuit.

Argued March 22, 1967.

Decided May 16, 1967.

Avram G. Adler, Philadelphia, Pa., for appellant.

E. Alfred Smith, Philadelphia, Pa., (Timothy J. Mahoney, and Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, and KALODNER and SMITH, Circuit Judges.

## OPINION OF THE COURT

STALEY, Chief Judge.

This is an appeal from a dismissal for want of prosecution of a seaman's civil action. The dismissal was prompted by the failure of the plaintiff-appellant, Roman Torino, to appear at his trial. Despite the fact that Torino's counsel was prepared to try the case, the district court on its own motion dismissed the case. The precise question before us is whether an action may be dismissed for want of prosecution where counsel is ready to proceed in the absence of his client. We hold that, under the particu-

lar circumstances present here, a dismissal was proper.

Plaintiff was allegedly injured in November of 1961 while employed as a cook aboard the "S.S. Texaco Virginia" when he tripped over a sill separating a passageway from a storeroom. Civil and Admiralty actions were filed in March, 1962, but the latter was dismissed without prejudice in June of that year. We are concerned only with the civil action. Admiralty Rule 38, 28 U.S.C.A., has no application.

Because of plaintiff's frequent and long absences from Philadelphia and his failure to consult with his attorney, the discovery phase of this litigation was unduly prolonged. The defendant moved for a dismissal of the action in December of 1964 because of plaintiff's failure to answer interrogatories and to appear for an oral examination. A hearing was held in the late summer of 1965. The district court thereupon entered an order denying the motion with leave to renew it in the event that plaintiff failed to file a written statement that he wished to proceed and that he would be present for pre-trial and trial.

The plaintiff never complied with that portion of the order relating to his being present for pre-trial and trial. Subsequently, the case twice came into the "ready pool" on the trial list. On both occasions plaintiff's counsel requested continuances. The first was granted, but only on the condition that the case would be restored to the highest possible position on the trial list within a month (it was expected that plaintiff would have returned to Philadelphia by that time). Plaintiff failed to appear; and when the case was again called, the motion for a continuance was denied. Thereupon, plaintiff's counsel proceeded to trial in the absence of his client. A jury was impaneled and sworn. Counsel sought to introduce *plaintiff's answers* to defendant's interrogatories and statements from the defendant's pre-trial memorandum to prove liability. The court requested the defense to move for a dismissal but the defense failed to do

so (apparently because the dismissal might not have gone to the merits). The defense then moved for a directed verdict, and it was denied. The district court, on its own motion, withdrew a juror and dismissed the case but granted the plaintiff leave to file within thirty days a motion to set aside the judgment. The plaintiff did file such a motion, but it was denied.[1]

■■ Appellant argues that the district court abused its discretion in dismissing the action because the plaintiff had a right to present his case in any manner which he desired; and if he failed to make out a prima facie case, it was then for the district court to nonsuit him upon a defense motion to that effect. We agree that there is no requirement, absent a subpoena or court order or some unusual circumstance, for a plaintiff to appear and testify. See Dinsel v. Pennsylvania R. R., 144 F. Supp. 883, 884 (W.D.Pa., 1956). We also agree that within reasonable limitations the plaintiff could present his case as he wished.

The pivotal fact in the disposition of this case is that plaintiff failed to comply with the district court's order requiring him to state that he would be present for both the pre-trial and trial. He not only failed to state that he would appear; he failed to appear. The district court, in a memorandum denying the plaintiff's motion to set aside the dismissal, specifically noted the failure to comply with the above-mentioned order as well as numerous other incidents reflecting plaintiff's disinterest in the litigation.

The district court relied upon Link v. Wabash R. R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), in dismissing, and we think its reliance was properly placed.

In *Link,* the Supreme Court stated that the "inherent power" of a court to *sua sponte* dismiss a case for want of prosecution had not been disturbed by Federal Civil Procedure Rule 41(b), and held that the dismissal did not constitute an abuse of discretion especially when *all* the circumstances of the case were considered. Here, as in *Link,* there were numerous instances of delays; and the district court stated that it relied upon all of them in dismissing. Considering the totality of circumstances as they existed before the district court, we cannot conclude that the district court abused its discretion.

■ The only distinguishing factor between this case and *Link* is that the plaintiff here is a seaman and, as a ward of the court, is entitled to beneficent treatment. Like the district court, we are fully cognizant of this. There are, however, two cases, consolidated on appeal, and disposed of by this court in Lynn v. American Barge Line Co., 226 F.2d 934 (C.A.3, 1955), which provide ample authority for upholding a dismissal of this type. Both admiralty actions were dismissed by the district court. The first appeal arose out of circumstances similar to those which are present here. Libellant failed to appear at the trial and could not be located so that he could be served. His proctor sought to offer his deposition to prove liability; the respondent then called the libellant for cross examination. When he did not respond to the call, the court dismissed the case. The second appeal was from a dismissal arising out of libellant's failure to answer interrogatories. We affirmed both appeals per curiam.

The judgment of the district court will be affirmed.

---

1. In denying the motion, the court stated:
   "I am not persuaded by the reasons advanced by plaintiff that his failure to appear was due either to excusable neglect or to circumstances beyond his control. Instead, I am convinced that the failure to appear reflected plaintiff's indifference to the prosecution of his relatively minor claim based on a questionable theory of liability.

   \* \* \* \* \*
   " \* \* \* I can only conclude that, in this case, plaintiff made a deliberate choice to subordinate the trial of his cause in favor of signing on for another voyage of approximately one month's duration."