**James E. PACK, Sr., Plaintiff,**

v.

**SOUTH CAROLINA WILDLIFE AND MARINE RESOURCES DEPARTMENT, Defendant.**

**Civ. A. No. 80–1267–14.**

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 6, 1981.

James E. Pack, pro se.

Tommy B. Edwards, Barbara Hamilton, Asst. Attys. Gen., Columbia, S. C., for defendant.

## ORDER

WILKINS, District Judge.

This civil rights suit was tried as scheduled on September 17, 1981, before the Court sitting without a jury. The Plaintiff, acting *pro se*, failed to appear. Tommy B. Edwards and Barbara J. Hamilton from the Office of the Attorney General appeared as Counsel for the Defendant. The Court, having thoroughly reviewed the record, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Plaintiff who is acting *pro se* in this matter initiated this employment discrimination action by serving a Summons and Complaint which alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981. The Summons and Complaint were filed on July 3, 1980.

2. The Defendant timely served its Answer to the Complaint on July 25, 1980.

3. On July 25, 1980, the Defendant initiated its discovery by serving a Notice of Taking Deposition on the Plaintiff. The Plaintiff's Deposition was taken on August 5, 1980.

4. On October 7, 1980, the Defendant served its Interrogatories on the Plaintiff in accordance with Rule 33, *Federal Rules of Civil Procedure.*

5. On November 25, 1980, a letter was sent to Plaintiff by counsel for Defendant requesting that Plaintiff answer the Interrogatories served upon him on October 7, 1980 and further providing Plaintiff with copies of Rules 33, 37 and 41, *Federal Rules of Civil Procedure.*

6. On November 28, 1980, Plaintiff telephoned counsel for Defendant and left a message to the effect that he had no intention of answering the above referenced Interrogatories.

7. On December 5, 1980, counsel for Defendant mailed a letter to Plaintiff confirming the above referenced telephone message of November 28, 1980.

8. On December 5, 1980, Defendant filed with the Court its Motion for Order Compelling Answers to Interrogatories with Memorandum in Support with copies being served upon Plaintiff.

9. On January 6, 1981, an Order was issued by The Honorable Robert F. Chapman directing Plaintiff to answer Defendant's Interrogatories of October 7, 1980.

10. On January 21, 1981, Defendant received handwritten incomplete answers to

its Interrogatories of October 7, 1980 from Plaintiff. Additionally, Plaintiff's answers to the Interrogatories were not signed under oath.

11. On March 9, 1981, Defendant filed its second Motion to Compel Answers to Interrogatories (citing incomplete answers and failure of Plaintiff to sign Interrogatories under oath) with copy of this Motion being served upon Plaintiff.

12. On April 1, 1981, this Court entered an Order directing Plaintiff to complete his answers to Defendant's Interrogatories and sign same under oath before a notary public and return them to Defendant within ten days from the date received.

13. On April 3, 1981, Defendant's counsel mailed a letter to Plaintiff with Interrogatory answers Defendant had previously furnished and a copy of Court's Order of April 1, 1981.

14. On June 25, 1981, counsel of Defendant filed with this Court his Affidavit setting forth Plaintiff's failure to comply with the Order of this Court of April 1, 1981, along with Defendant's Motion to Impose Sanctions with Memorandum in Support thereof.

15. On August 12, 1981, a copy of the trial calendar was mailed to Plaintiff by the Clerk of this Court.

16. On August 31, 1981, a certified, return receipt requested letter was mailed by the Clerk's Office to Plaintiff notifying Plaintiff of the 9:30 a. m., September 17, 1981, trial date for the trial of Plaintiff's case with another copy of the trial calendar. It was delivered to Plaintiff on September 2, 1981 as shown by receipt of the U. S. Postal Service.

17. On September 11, 1981, acting on the specific instructions of this Court, the Clerk's Office delivered the correspondence identified in paragraph 16 to the U. S. Marshal's Office in Columbia, South Carolina with instructions to endeavor to locate Plaintiff and, if possible, to personally deliver this correspondence to him, including the notice of the trial date.

18. On September 15, 1981, the U. S. Marshal's Office advised this Court that these documents had been served on the wife of Plaintiff at Plaintiff's residence in Charlotte, North Carolina, and that his wife informed the Deputy Marshal serving these documents that Plaintiff was aware of the trial date and planned to be present in Columbia for the trial on September 17, 1981.

19. On September 16, 1981, Plaintiff telephoned the Office of the Clerk of Court at approximately 4:35 p. m. and notified Deputy Clerk Margaret Giacobbi that he could not afford to come to Columbia, South Carolina on September 15, 1981; that he wanted a continuance, a lawyer and a jury trial. Plaintiff was advised these matters would be brought to the attention of the Court and the Clerk would immediately return his call. Within minutes of his telephone call, Plaintiff was advised by this Court that he must appear before the Court on September 17, 1981. Plaintiff advised Deputy Clerk Giacobbi that he would not come to Columbia on September 17, 1981. Plaintiff was advised that his failure to appear could result in dismissal of his case. He was also advised that the matter of his failure to answer Defendant's Interrogatories was still pending, to which he responded that he had "no intention of answering the Interrogatories."

20. On September 17, 1981, this case was called for trial. Counsel for the Defendant were present and ready to proceed to trial with four witnesses present in the courtroom prepared to testify. Plaintiff was not present in the courtroom. The Court instructed the U. S. Marshal's Office to search the halls and other courtrooms of the courthouse in an effort to locate Plaintiff. Plaintiff was not located.

21. This Court finds that Plaintiff's failure to comply with the Court's Orders Compelling Discovery, as well as Plaintiff's failure to appear for trial on September 17, 1981, are unjustifiable and that such failure exemplifies bad faith on Plaintiff's part and a lack of any intention to prosecute his case.

## CONCLUSIONS OF LAW

A *pro se* litigant is not held to the same high standards as a member of the Bar. *See Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, he must meet certain standards. Among these are a good faith attempt to comply with the rules of discovery and to be present for trial. *See Fed.R.Civ.P. 41(b)*. There is ample justification and authority to dismiss this case under either of the following two legal theories:

A. *Imposition of Sanctions for Failure to Comply with Order Compelling Discovery*

1. Rule 37 of the *Federal Rules of Civil Procedure* defines the sanctions the Court may levy on a party who refuses to cooperate in discovery. It reads in pertinent part:

(b) *Failure to Comply with Order.*

(2) *Sanctions by Court in Which Action is Pending.* If a party . . . fails to obey an order [compelling discovery] . . . made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . . *Fed.R.Civ.P. 37(b)(2)*.

2. A District Court may dismiss a party's case for non-compliance with the Court's discovery order where action manifests "flagrant bad faith" and "callous disregard" of the party's responsibilities. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

3. A dismissal pursuant to Rule 37 for failure to answer interrogatories does not constitute an abuse of discretion. *Roman v. ESB, Inc.*, 550 F.2d 1343, 1349 (4th Cir. 1976).

B. *Dismissal of Plaintiff's Action for Failure to Prosecute*

1. Federal District Courts have an inherent power to dismiss an action with prejudice because of a Plaintiff's failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). *See also Fed.R.Civ.P. 41(b)*.

2. Since a dismissal is a harsh sanction, "it is appropriately exercised only with restraint." *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978).

3. This circuit follows the position that: "[T]he dismissal power should be exercised only on the face of a clear record of delay or contumacious conduct by the Plaintiff . . ." *Dove*, 569 F.2d at 810 (4th Cir. 1978).

4. Several Courts of Appeal have held that actions were properly dismissed for lack of prosecution under Rule 41(b) of the *Federal Rules of Civil Procedure* when, among other things, the Plaintiff demonstrated delinquent behavior including failure to appear on the date set for trial. *See e. g. Ali v. A & G Company, Inc.*, 542 F.2d 595 (2d Cir. 1976); *Torino v. Texaco, Inc.*, 378 F.2d 268 (3d Cir. 1967).

Finally, the Court is aware of the Defendant's claim for reasonable expenses, including attorney's fees, caused by the unjustified acts of Plaintiff. In its discretion, however, the Court declines to make such an award.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's action be dismissed without prejudice.

AND IT IS SO ORDERED.