**James R. BETTS d/b/a Chaparral Enterprises, Ltd., Plaintiff,**

**v.**

**AGRI–TECH SERVICES, INC., Defendant.**

**No. 87–4110–R.**

United States District Court,
D. Kansas.

Feb. 28, 1990.

James R. Betts, pro se.

James L. Grimes, Jr., Bruce J. Woner, Cosgrove, Webb & Oman, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

The trial of this case was scheduled to begin on February 27, 1990. Plaintiff failed to appear. At that time, defendant requested that the court grant its pending motion to dismiss. In this motion, defendant seeks dismissal pursuant to Fed.R. Civ.P. 37(b) for plaintiff's failure to comply with the court's discovery orders. Defendant also requested that the court dismiss this action pursuant to Fed.R.Civ.P. 41(b) for lack of prosecution. The court determined that dismissal was appropriate for both reasons and dismissed this action with prejudice. The purpose of this order is to memorialize the court's ruling and provide the authority for the court's decision.

In the order of January 22, 1990, the court directed the plaintiff to provide certain tape recordings to the defendant within fifteen days. The defendant then filed a motion to dismiss when the plaintiff failed to provide the tape recordings. Plaintiff filed a motion for reconsideration of the court's order of January 22, 1990. On February 16, 1990, the court held a telephone conference to consider plaintiff's motion for reconsideration. The court denied the motion and ordered the plaintiff to provide the tape recordings to the defendant within five days. On February 23, 1990, defendant, through its counsel, filed an affidavit indicating that the five-day deadline established in the telephone conference for production of the tapes had expired and the plaintiff had not produced the tapes.

■ The court may impose a number of sanctions, including dismissal, when a party fails to obey a discovery order. Fed. R.Civ.P. 37(b). Dismissal is a drastic sanction and one that must be grounded in some fault on the part of or binding upon the party. *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988). In determining whether to impose the sanction of dismissal, the court must consider the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir.1988). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits ... is dismissal an appropriate sanction." *Id.*

■ Under the circumstances of this case, the court finds that dismissal with prejudice is an appropriate sanction. Plaintiff has willfully refused to comply with the orders of the court. This refusal has caused obvious prejudice to the defendant since the defendant will not be able to examine the tape recordings prior to trial. The court has provided the plaintiff with additional time to produce the recordings, and he has failed to do so. The court finds that dismissal with prejudice is the only appropriate sanction.

■ In addition, the court shall dismiss this action for plaintiff's lack of prosecution. Plaintiff was aware of the trial date and failed to appear. This conduct also requires dismissal with prejudice pursuant to Fed.R.Civ.P. 41(b). *Sweeney v. Anderson*, 129 F.2d 756, 758 (10th Cir. 1942). *Also see Syntex Ophthalmics, Inc. v. Novicky*, 795 F.2d 983 (Fed.Cir.1986); *Ali v. A & G Co., Inc.*, 542 F.2d 595 (2d Cir.1976); *Pack v. South Carolina Wildlife and Marine Resources Dept.*, 92 F.R.D. 22 (D.S.C.1981). Thus, this action is hereby dismissed with prejudice pursuant to Rules 37(b) and 41(b).

Finally, the court notes that plaintiff has filed a motion for mistrial. The court shall construe this as a motion for reconsideration of the rulings made by the court during the telephone conference of February 16, 1990. This motion is similar to previous materials filed by the plaintiff. It contains a variety of vacuous contentions. Plaintiff asserts that the court and the defendant have entered into some sort of conspiracy to deprive him of his rights. He further alleges that the court's rulings were biased, discriminatory and prejudicial.

The court finds no merit to plaintiff's inane legal arguments and empty factual allegations. This motion shall be denied.

IT IS THEREFORE ORDERED that this action be hereby dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b) and 41(b).

IT IS FURTHER ORDERED that plaintiff's motion for mistrial be hereby denied.

IT IS SO ORDERED.