Pasquale FIUMARA, Appellant,

v.

SINCLAIR REFINING COMPANY.

No. 16635.

United States Court of Appeals
Third Circuit.

Argued Oct. 30, 1967.

Decided Nov. 17, 1967.

A. E. Hurshman, Philadelphia, Pa., for appellant.

Robert W. Sayre, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, KALODNER and GANEY, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The District Court granted summary judgment against plaintiff-appellant in this action for malicious abuse of civil process and bad faith, as part of a price fixing conspiracy, in ending plaintiff's franchise to sell defendant's product. The litigation based on the mentioned allegations goes back to 1961. Prior to that date defendant had sued plaintiff for selling its gasoline below its minimum dealer resale prices. Before the final disposition of that action the contract between the parties had been terminated and Sinclair's suit was dismissed as moot.

In 1961 appellant filed his first complaint against appellee in the Philadelphia Common Pleas Court for malicious use of process. That was founded on Sinclair's referred to suit and its termination of its contract with appellant. Judgment on the pleadings was entered in favor of Sinclair. There was no appeal. While appellant's first complaint was still pending, he filed another complaint in the Federal Court against Sinclair and other oil companies, asserting that Sinclair's action was part of a price fixing conspiracy among the oil companies. He also alleged that the termination of the said contract had been for the purpose of intimidating and coercing him from asserting his full rights against Sinclair and also in furtherance of the claimed conspiracy. The District Court granted summary judgment on the merits to the defendants. 204 F.Supp. 544 (E.D.Pa.1962). That was affirmed per curiam by this Court in 310 F.2d 737 (1962). Certiorari was denied by the United States Supreme Court 372 U.S. 976, 83 S.Ct. 1109, 10 L.Ed.2d 142 (1963). A similar case was started by appellant in the Philadelphia Common Pleas Court in 1963. That was removed to the Federal Court where summary judgment on the merits, based on res adjudicata, was granted the defendants by the District Court. Again there was no appeal. There was other litigation in various jurisdictions by appellant which need not be gone into here.

On July 20, 1966 he filed his present complaint in the District Court. In essence this is a reiteration of the same

matters he has been suing on since 1961. Sinclair moved to dismiss as res adjudicata and alternatively for failing to state a claim on which relief could be granted. Judge Higginbotham held that the cause was barred by the doctrine of res adjudicata; that judgment on the merits of appellant's charges had been rendered in the above final decisions. Our own review of this exhausting series of law suits satisfies us that the full contentions presented by the current complaint have been fully and properly passed upon in the proceedings above enumerated. We are further satisfied that the judgment of the District Court holding that the said contentions are res adjudicata by reason thereof, is sound and should not be disturbed.

The judgment of the District Court will be affirmed.