**Bill J. GAMBOCZ, Appellant,**

v.

**John W. ELLMYER, Jr., Lillian Apel, Louis La Plaga and Marie Keller.**

**No. 19047.**

United States Court of Appeals, Third Circuit.

Argued Jan. 8, 1971.

Decided March 5, 1971.

Bill J. Gambocz, pro se.

Peter N. Perretti, Jr., Riker, Danzig, Scherer & Brown, Newark, N. J., for appellees.

Before GANEY and ADAMS, Circuit Judges, and WEIS, District Judge.

## OPINION OF THE COURT

GANEY, Circuit Judge.

In order to understand fully the position of the appellant here, it is necessary to put the matter in its proper perspective.

On March 4, 1966, the appellant filed a complaint against Lillian Apel, Louis La Plaga, John W. Ellmyer, Jr., George Miller, Richard McGinnis, Theodore C. Woerner and the Township of Edison, a municipal corporation, in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L–19136–65, the first count alleging, inter alia, that he had given a check to one Marie Keller in the sum of $55 in May of 1964, and that upon her return from Europe, the check having been returned unpaid, all of the named defendants agreed and conspired to utilize the criminal processes of the courts of New Jersey, for the purpose of embarrassing appellant in his standing in the community; injuring his good name and credit, inasmuch as he was then a candidate for Mayor of Edison, on the Republican ticket; that John W. Ellmyer, Jr., one of the defendants, who was the Police Chief of Edison, maliciously and in order to pervert the criminal processes of the State of New Jersey, advised Marie Keller that the only way she could collect the money owed her was to place criminal charges against appellant and in order to so do, he arranged with her to go to the office of defendant Louis La Plaga, a policeman in Edison, and they transported her to the office of an attorney in the State of New Jersey, who was the campaign manager for appellant's opponent, who was running for Mayor, and caused her to fill out a complaint before the defendant, Lillian Apel, charging appellant with a criminal offense. Defendants, John W. Ellmyer, Jr., Richard McGinnis and Theodore C. Woerner, then went to the home of appellant's elderly mother and father and maliciously advised them that they were searching for their son, causing them great suffering and shock, although they knew the plaintiff resided and maintained a business at 1028 Amboy Avenue, in Edison. The Edison newspapers carried the news of the criminal charges against plaintiff, embarrassing him and interfering with "his advantageous economic relation," causing him much mental anguish and forcing him to spend large legal fees and expenses.

The second count of the complaint stated an incorporation of the facts alleged in the first count of the complaint; that defendants conspired against plaintiff maliciously for the purpose of harming his standing in the community while all of the defendants were employed and acting within the scope of their employment by the said defendant, the Township of Edison.

The New Jersey Superior Court rendered an adverse decision on the merits of the case following the trial, and the plaintiff appealed it to the Appellate Division of the New Jersey Superior Court, where that court unanimously affirmed the judgment of the court below, and he then filed a petition for certification to the New Jersey Supreme Court, which was denied. Plaintiff then proceeded in the United States District Court for the District of New Jersey, in the instant action, alleging the same operative facts in his complaint as he did in the complaint filed in the Superior Court of New Jersey, and which was finally denied by the Supreme Court of New Jersey, and on November 8, 1968, he asked the court to withdraw the suit which the court did and at the hearing, the court announced that it was dismiss-

ing the same. A few days later, in a regular order filed by him, the suit was dismissed with prejudice.

Plaintiff then brought the matter to the attention of the Joint Subcommittee on Claims in the New Jersey State Legislature and after hearing the matter, the Subcommittee rejected the claim. Subsequently, plaintiff filed an action in the United States District Court against the Joint Subcommittee, which the court dismissed, and on appeal to this Court, the dismissal was affirmed in a per curiam opinion. Nineteen months after the entry of the order dismissing the cause of action with prejudice in the District Court of New Jersey, appellant filed a motion on May 11, 1970, to re-open the judgment, wherein he alleged that the order of November 8, 1968, entered with prejudice, was never brought to his attention, that while the order may have been sent to his counsel, his counsel never notified him of the said order and left sometime later for California, and that he never would have consented to the dismissal with prejudice had he known such an order would be entered. However, the court denied the motion. It is to be noted that at the time the order was sent by the Clerk of the Court to his counsel, he was then attorney of record.

The appellant must rely on Rule 60(b) [1] for his motion to vacate the judgment of the district court. It is apparent from reading the Rule that there is really no exception under which he can come, in order to get around the fact that more than one year had passed during which he would have had to file the motion. The simple answer to the appellant's situation here is that he is barred by the one-year limitation under Rule 60(b), and there is nothing this Court can do by way of extending it since he cannot come in under sections (1), (2) or (3)—section (6) may not be used as a catchall to avoid the one-year limitation. Boehm et al. v. Office of Alien Property, 120 U.S.App.D.C. 100, 344 F.2d 194; Ackermann v. United States, 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207.

Additionally, an examination of the complaint which he filed in Middlesex County, New Jersey, and which action went all the way to the Supreme Court of New Jersey, when scrutinized with the complaint which he filed in the District Court in this action, is merely a re-alleging of the operative facts in the New Jersey case. However, in view of the decision we reach here that he is barred by Rule 60(b), we need not proceed to any other ground such as estoppel by judgment.

The judgment of the district court will be affirmed.

---

1. Rule 60(b) provides, in pertinent part, as follows:

"(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* \* \* \*" (Emphasis ours.)