**PADDINGTON EAST ENTERPRISES, INC., Plaintiff,**

v.

**Michael ROTH, Individually and as Chairman of the New York State Liquor Authority, and Michael Codd, as Police Commissioner of the New York City Police Department, Defendants.**

No. 75 Civ. 5194.

United States District Court,
S. D. New York.

Nov. 3, 1975.

Kassner & Detsky, New York City, for plaintiff by Herbert S. Kassner, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants by Thomas P. Bartley, Asst. Atty. Gen., New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

This action for a preliminary injunction and application for a three judge court was brought on by an order to show cause. Argument was had on October 24, 1975. Plaintiff Paddington East Enterprises, Inc. alleges that it has been deprived of its rights under the first and fourteenth amendments.[1] Defendants are representatives of the New York State Liquor Authority ("S.L.A.") and the New York City Police Department.

Plaintiff is a licensee of the S.L.A. and operates an establishment known as the Adam and Eve Club. On August 4, 1974, an investigator for the S.L.A. observed a performance by a dancer at the bar. Based on this observation, charges were filed against the licensee on the ground that by permitting a "lewd and indecent" performance it had violated New York State Alcoholic Beverage Control Law § 106(6) which provides that:

"No person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises, or suffer or permit such premises to become disorderly."

A hearing officer for the S.L.A. sustained the charge as did the full board of the S.L.A. The license was suspended for 30 days. The only testimony concerning the nature of the performance was that of the investigator taken before the hearing officer. In arguments before the S.L.A., plaintiff urged that the statute was vague and ambiguous and, therefore, unconstitutional.

Following the order of suspension, plaintiff commenced an Article 78 proceeding in the nature of mandamus and certiorari in Supreme Court, New York County. N.Y.C.P.L.R. 7801 et seq. The action was transferred to the Appellate Division, First Department, which unanimously confirmed the decision of the S.L.A. and dismissed the petition without opinion. The briefs in that Court indicate that the plaintiff vigorously argued the constitutionality of the statute and enforcement thereunder. (Petitioner's brief at 12–16). Leave to appeal to the New York Court of Appeals was sought and denied. Again, plaintiff raised its constitutional claims. (Complaint at ¶ 30).

The defendants oppose the requested relief and move to dismiss on the ground of res judicata. I agree the action should be dismissed.

 The cases in this circuit indicate that having once raised and argued the constitutionality of the statute in state court, the party may not thereafter challenge that determination by means of a civil rights action in federal court. *Lombard v. Board of Educ.*, 502 F.2d 631 (2d Cir.), *cert. denied* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975); *Lecci v. Cahn*, 493 F.2d 826 (2d Cir. 1974); *Tang v. Appellate Division*, 487 F.2d 138 (2d Cir.), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 1111 (1974).

In *Tang*, plaintiff's application for admission to the New York State bar had been denied based on the residency requirements. He then petitioned the Appellate Division of the Supreme Court for an order admitting him to practice on the ground that the residency requirement was unconstitutional. Following the denial of his petition, plaintiff brought an action in Federal Court under 42 U.S.C. § 1983. The District Court refused to convene a three judge court and the Court of Appeals affirmed. Judge Mulligan's opinion notes that "[t]here is authority in this circuit, . . .

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1332, 1343, 2201, 2202, 2281 & 2284; 42 U.S.C. § 1983, 1985 & 1986; Rules 57 & 65, Fed.R.Civ.P.

and elsewhere, . . . which squarely holds that a prior state court decision adjudicating federal constitutional questions is binding as *res judicata* in a subsequent federal action under § 1983." (citations and footnote omitted.) 487 F.2d at 142. Judge Mulligan based his opinion on principles of comity rather than *res judicata* since different parties had been substituted in the federal action. Judge Hays concurred but on the ground of *res judicata*.[2]

 The clear statement of the Court of Appeals in *Lombard v. Board of Educ.*, 502 F.2d 631, 636–37 is most appropriate to this controversy:

> "Of course, where a constitutional issue is actually raised in the state court, as it can be in Article 78 proceeding by treating it as an action for a declaratory judgment . . . the litigant has made his choice and may not have two bites at the cherry."[3]

 This court will not sit in appellate review of the state court proceedings. State courts are also bound by the supremacy clause of the United States Constitution. (Article VI, clause 2). The plaintiff could have pursued his challenge by commencing an action in Federal Court rather than an Article 78 proceeding. In the event that the Federal Court abstained pending completion of state proceedings, the plaintiff could have reserved the constitutional questions for an ultimate determination in Federal Court. See *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 415–17, 84 S.Ct. 461, 464–

465, 11 L.Ed.2d 440, 444–445 (1964); *Tang v. Appellate Division*, 487 at 141–142 n. 6; *Lombard v. Board of Educ.*, 502 F.2d at 635–36.

Accordingly, the complaint must be dismissed. This opinion constitutes findings of fact and conclusions of law for the purposes of Rule 52 Fed.R.Civ.P.

---

2. In the earlier Article 78 proceeding arising out of the facts of this case, only the S.L.A. was named as a defendant. In this action, the Chairman of the S.L.A. and the New York City Police Commissioner are named individually and in their official capacities. Because of the holding in *Tang, supra*, I feel it unnecessary to categorize the bar in this case as based on "claim preclusion," *Lombard v. Board of Educ.*, 502 F.2d 631, 635 (2d Cir.) *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975) "*res judicata*," *Ganbocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972), or "comity," *Tang, supra*.

3. It is of no significance to this inquiry that the Appellate Division confirmed the S.L.A.'s decision without writing an opinion. *Thistlethwaite v. City of New York*, 362 F.Supp. 88 (S.D.N.Y.) *aff'd*, 497 F.2d 339 (2d Cir.) *cert. denied*, 419 U.S. 1093, 95 S.Ct. 686, 42 L.Ed.2d 686 (1974). An examination of the papers filed with the S.L.A. and the briefs before the Appellate Division convinces me that the constitutionality of the statute was fully raised. Furthermore, a finding of constitutionality was essential to the Appellate Division's determination.