**Randall TESTERMAN, Plaintiff,**

v.

**The INTERNATIONAL UNION, Automobile, Aerospace and Agricultural Implement Workers of America (UAW); and Local Union 1183, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Defendants.**

**No. CIV.A.98–620–KAJ.**

United States District Court, D. Delaware.

Sept. 23, 2003.

Christopher J. Sipe, Bailey & Wetzel, P.A., Wilmington, DE, for Plaintiff.

Stephen B. Potter, Stephen B. Potter & Associates, Wilmington, DE, for Defendants.

## MEMORANDUM OPINION

JORDAN, District Judge.

### I. Introduction

Before the Court is a Motion for Summary Judgment (Docket Item ["D.I."] 14) filed by defendants The International Union, Automobile, Aerospace and Agricultural Implement Workers of America and Local Union 1183, United Automobile, Aerospace and Agricultural Implement Workers of America (collectively the "UAW").

The Complaint in this case alleges that UAW "unilaterally and arbitrarily" withdrew the appeal of Plaintiff's grievance against Chrysler Corporation for wrongful termination of employment. Plaintiff seeks damages, including lost wages, benefits, profit-sharing and bonuses from July 19, 1993 to October 16, 1996.

The Motion for Summary Judgment alleges that the doctrine of *res judicata* precludes Plaintiff from re-litigating these claims because they were dismissed with prejudice pursuant to a settlement agreement that was entered into by Plaintiff and UAW on August 15, 1995.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 185. For the reasons set forth herein, UAW's Motion for Summary Judgment is granted.

## II. Standard of Review

█ Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." "[T]he availability of summary judgment turn[s] on whether a proper jury question ... [has been] presented." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making that determination, the Court is required to accept the non-moving parties' evidence and draw all inferences from the evidence in the non-moving parties' favor. *Id.* at 255, 106 S.Ct. 2505; *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Nevertheless, the party bearing the burden of persuasion in the litigation, must, in opposing a summary judgment motion, "identify those facts of record which would contradict the facts identified by the movant." *Port Authority of New York and New Jersey v. Affiliated FM Ins. Co.,* 311 F.3d 226, 233 (3d Cir.2002) (internal quotes omitted).

## III. Background

Plaintiff was employed by Chrysler Corporation ("Chrysler") on June 25, 1985 until being discharged on November 4, 1992. (D.I. 1 ¶ 6–7.) At the time of his discharge, Plaintiff was a member of UAW, which was party to a Collective Bargaining Agreement with Chrysler. (*Id.* at ¶ 9.) The Collective Bargaining Agreement contained a procedure by which the UAW could resolve grievances between its members and Chrysler. (*Id.* at ¶ 10.) On November 5, 1992, UAW filed a grievance on behalf of Plaintiff in protest of his termination from employment with Chrysler. (*Id.* at ¶¶ 10–11.)

Chrysler denied the grievance and UAW, acting for Plaintiff, appealed that denial. (*Id.* at ¶¶ 12–13.) On or about July 19, 1993, UAW withdrew the appeal of Plaintiff's grievance. (*Id.* at ¶ 13.) Plaintiff then engaged in a 39 month battle with UAW to get it to re-institute its representation of him in the grievance procedure. (*See id.* at ¶¶ 14–22.) He participated in a hearing of UAW's Appeals Committee in mid-May 1994, and after more than five months passed without a decision, on October 28, 1994, he filed a lawsuit in this Court against Chrysler for wrongful discharge and against UAW for breach of its duty of fair representation. (D.I. 14 at Exhibit 1; D.I. 1 at ¶ 15; D.I. 14 at 6.)

On August 15, 1995, Plaintiff and UAW entered into an agreement (the "Settlement Agreement") whereby UAW agreed to permit Plaintiff's appeal of the withdrawal of his grievance to be heard by the next level of UAW's internal appeals process, the Public Review Board ("PRB"), even though the time limits for such appeal had expired. (D.I. 14 at 3–4.) Plaintiff agreed to be bound by the decision of that body and to not pursue his then-pending lawsuit, "or any other lawsuit, against [UAW], for any reason or cause arising out of his employment by Chrysler Corporation." (*Id.* at Exhibit 2; *see also id.* at 4.) In furtherance of the Settlement Agreement, the parties submitted a Stipulation of Dismissal in the earlier filed lawsuit, which the Court approved on October 23, 1995, and the case was dismissed with

prejudice. (*Id.* at Exhibit 3; *see also id.* at 3.)

Plaintiff prevailed before the Public Review Board and his grievance appeal was reinstated by UAW in October 1996. (D.I. 1 ¶¶ 18–19.) In December 1997, the grievance procedure culminated in a ruling that Chrysler had wrongfully terminated Plaintiff and was required to reinstate him and give him back pay and benefits for the periods November 4, 1992 to July 19, 1993 and October 16, 1996 to the date of actual reinstatement. (*Id.* at ¶¶ 21–22.)

Chrysler was not ordered to pay any compensation for the period of July 20, 1993 to October 16, 1996, the period during which Plaintiff and his union, UAW, sorted out their dispute over his right to UAW representation in pressing his grievance against Chrysler. (*Id.* at ¶ 22.) Under the Collective Bargaining Agreement, "all financial liabilities [of Chrysler to the aggrieved party] shall be canceled" if a grievance is withdrawn. (D.I. 17 at Exhibit H; *see also id.* at 12.) If the grievance is reinstated, "the financial liability [of Chrysler] shall date only from the date of reinstatement." (*Id.*) Before his grievance was reinstated, Plaintiff signed a Memorandum of Understanding with Chrysler in September 1996, acknowledging that Chrysler would not be liable for the "gap" period between the withdrawal of his grievance and its reinstatement. (D.I. 34, Attachment A at 5.)

On November 3, 1998 Plaintiff again brought suit against UAW, claiming a right to compensation for the gap period, plus interest, costs, attorney's fees, damages for emotional distress and punitive damages. (D.I. 1 at ¶ 23.) Plaintiff claims that "without consulting Plaintiff, [UAW] . . . unilaterally and arbitrarily withdrew the appeal of Plaintiff's grievance on July 19, 1993." (*Id.* at ¶ 13.) Plaintiff is seeking to recover "[l]ost wages and benefits during the July 19, 1993, to October 16, 1996 time period" and "[l]ost profit-sharing and Christmas bonuses during the above-referenced time period," which, according to UAW, is "precisely what [Plaintiff] asked for in his earlier litigation, which he settled and consented to have dismissed with prejudice." (*Id.* at ¶ 23; D.I. 14 at 8.)

UAW points out that in the 1994 Complaint, Plaintiff asserted that UAW breached its duty of fair representation by withdrawing his grievance against Chrysler. (D.I. 14 at 6.) Specifically, Plaintiffs alleged that "without consulting with [Plaintiff], the UAW arbitrarily chose to withdraw [Plaintiff's] grievance appeal on July 19, 1993." (*Id.* at 7.) Plaintiff "asked for back and front pay to cover the period 'from the date of discharge until the time of trial'" and for "'future wages and benefits until such time as he is reinstated.'" (*Id.* at 7–8.)

According to UAW, Plaintiff, pursuant to the Settlement Agreement, agreed to be bound by the decision of the PRB and to refrain from pursuing any further actions against Defendants. (*Id.* at 6–7; D.I. 19 at 3.) UAW asserts:

> It is only due to the precision of hindsight that [Plaintiff] realizes today that in 1995, when he agreed not to institute further suit "for any reason or cause arising out of his employment," he left open the possibility of an order of reinstatement that failed to make him financially whole. Now he seeks to rectify his own shortsightedness by invoking this Court's jurisdiction once again.

(D.I. 19 at 5–6.)

Plaintiff claims that *res judicata* is not appropriate because UAW's "interpretation of the [Settlement] Agreement . . . is both jaundiced and uninformed." (D.I. 17 at 4.) Plaintiff asserts that the Settlement Agreement was limited to UAW's "repre-

sentation of him in connection with his grievance against Chrysler to the Public Review Board" and that it did not encompass UAW's "potential liability for a portion of Plaintiff's lost pay and benefits." (*Id.* at 5–6.) Moreover, Plaintiff believes that the PRB had no "power, authority, or jurisdiction to order [UAW] to compensate Plaintiff for the lost pay and benefits he incurred." (*Id.*)

In Plaintiff's view, "the only issue[s] presented to, and decided by, the PRB were the very limited ones concerning whether [UAW] had wrongfully withdrawn their representation in connection with Plaintiff's grievance against Chrysler Corporation and whether [UAW] should be required to reassume their representation of Plaintiff in connection therewith." (*Id.* at 7.) In his affidavit explaining his state of mind when entering the agreement, Plaintiff says:

> It was my ultimate understanding that the referral of my case to the Public Review Board (PRB) by the dismissal of the action captioned *Testerman v. Chrysler Corporation, et al.*, C.A. No. 94–576(RRM), was for the limited purpose of determining whether [UAW] would be compelled to reassume their representation of me in connection with the grievance filed on my behalf against Chrysler Corporation in late 1992; and
> It was also my ultimate understanding that the proceedings before the Public Review Board (PRB) would not have

any effect on any potential claims I might have or bring against Defendants in the future for damages arising from Defendant's mid–1992 wrongful withdrawal of their representation in connection with my grievance against Chrysler Corporation.[1]

## IV. Discussion

■ To establish that a claim is precluded under the doctrine of *res judicata,* a defendant must "demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir.1984)).

That the first two elements of claim preclusion are satisfied in this case is beyond dispute. Plaintiff and UAW, the same parties in this suit, stipulated in the Settlement Agreement in 1995 to dismissal of the first action with prejudice. (D.I. 14 at 6–7.) "Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir.1972) (citing *Lawlor v. Nat'l Screen Svc. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122 (1955)). Therefore, the Court concludes there was a final judgment on the merits

---

1. (*Id.* at Exhibit I.) On October 27, 2000, Plaintiff did apply to the PRB for the uncompensated damages. (D.I. 34, Attachment A at 2.) UAW responded to Plaintiff's application on December 13, 2000, arguing that Plaintiff's claim for back wages from UAW was untimely and that the 1995 Agreement precluded Plaintiff from bringing suit against UAW. (*Id.* at 3.)

The PRB heard the parties in oral argument on January 19, 2002 and on April 12, 2002, the PRB denied relief to Plaintiff. (*Id.* at 1.)

The PRB explained that after the final decision on his grievance, which set aside the discharge, Plaintiff had thirty days to submit his claim against UAW to the executive Board under the UAW Constitution. (*Id.* at 3.) Plaintiff had an additional thirty days under the Constitution to appeal that decision to the PRB or the Convention Appeals committee. (*Id.*) However, since Plaintiff failed to make his application within limitations, the PRB dismissed Plaintiff's appeal as time-barred. (*Id.* at 1; D.I. 34 at 3.)

in a prior suit between the same parties as appear before it in the present action.

 The final element of claim preclusion is that the subsequent suit be based upon the same cause of action as the prior suit. In determining "what constitutes a cause of action for *res judicata* purposes," the focus is on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such suit were the same." *Lubrizol*, 929 F.2d at 963. After reviewing the Complaint and the prior record, the Court concludes that Plaintiff's current claim is based on the same facts, alleges the same cause of action, and seeks the same relief as the October 18, 1994 claim: wrongful termination from employment at Chrysler; arbitrary withdrawal by UAW of Plaintiff's grievance appeal; and compensation for lost wages, benefits, profit-sharing and bonuses. Thus, the current suit is precluded by the doctrine of *res judicata*.

Plaintiff alleges that despite his agreement in 1995 to "not pursue the instant lawsuit or any other lawsuit against [UAW] for any reason or cause arising out of his employment by Chrysler," (D.I. 14 at Exhibit 2), he believed the "issue of [UAW's] potential liability for the lost pay and benefits attributable to their wrongful withdrawal of his grievance in mid–1993 would be decided in another forum after his grievance." (D.I. 17 at 11.) In addition to contradicting the express language of the Settlement Agreement, this "sort of piecemeal litigation, unnecessary expense, and waste of judicial resources" is exactly what the doctrine of *res judicata* is designed to prevent. *May v. Parker–Abbott Transfer & Storage Inc.*, 899 F.2d 1007, 1010 (10th Cir.1990).

 *Res judicata* requires "that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Lubrizol*, 929 F.2d at 963. Plaintiff's current pursuit of financial relief arises out of UAW's withdrawal of his grievance appeal, a matter that was resolved in 1995 by a broad and binding Settlement Agreement. Accordingly, Plaintiff's current suit is precluded by *res judicata*.

## V. Conclusion

For the reasons set forth above, UAW's Motion for Summary Judgment is granted. An appropriate order will issue.