*Chandler v. Branchaud et al.*, No. 247-6-15 Wmcv (Teachout, J., Oct. 7, 2015).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windham Unit** | **Docket No. 247-6-15 Wmcv** |

**CHARLES CHANDLER**
    **Plaintiff**

**v.**

**MATTHEW BRANCHAUD et al.**
    **Defendants**

## DECISION
### Defendants' Motions to Dismiss

In 2009, Plaintiff Charles Chandler was convicted of a felony count of impeding a public officer. His privately hired defense counsel for a portion of the criminal case was Defendant Matthew Branchaud, Esq. At the time, Attorney Branchaud was employed by Abatiell Associates, P.C., which has since dissolved. In this case, Mr. Chandler asserts a variety of legal claims that all arise directly out of the core allegation that Attorney Branchaud either negligently or intentionally caused Mr. Chandler's criminal conviction. Mr. Chandler also alleges that Defendant Attorney Mark Furlan, also employed by Abatiell Associates at the time, was aware of Attorney Branchaud's plan to sabotage Mr. Chandler's criminal defense.

Attorneys Branchaud and Furlan, who appear to be unassociated at this time, each have filed a motion to dismiss arguing, among other things, that this case is precluded by a judgment in a former federal case in which Mr. Chandler raised the same subject matter. *Chandler v. Branchaud*, No. 1:11-cv-22-jgm (D.Vt. Sept. 13, 2011). The case resulted in a judgment for the defendants.

*Claim preclusion regarding Attorney Branchaud*

Mr. Chandler's claims against Attorney Branchaud in this case are precluded by the judgment in Attorney Branchaud's favor in the federal case. The Vermont Supreme Court has described the claim preclusion doctrine as follows:

> Under the doctrine of claim preclusion, a final judgment in previous litigation bars subsequent litigation if the parties, subject matter, and cause(s) of action in both matters are the same or substantially identical. The doctrine applies both to claims that were or should have been litigated in the prior proceeding. Claim preclusion flows from the fundamental precept that a final judgment on the merits "'puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'"

*Faulkner v. Caledonia Cnty. Fair Ass'n*, 2004 VT 123, ¶ 8, 178 Vt. 51. The doctrine applies to any claims that arose out of the same "transaction" regardless whether they actually were raised and litigated in the first lawsuit. As the Restatement describes:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24; see *Faulkner*, 2004 VT 123, ¶¶ 11–15 (adopting this section of the Restatement).

Mr. Chandler styled his claims in this case differently from those he raised in the federal case. However, as against Attorney Branchaud, it is clear that both sets of claims arise directly out of the same transaction, Attorney Branchaud's representation of Mr. Chandler in his criminal case. Mr. Chandler could have brought the claims in this case against Attorney Branchaud in the federal case against him. The doctrine of claim preclusion counsels that because Mr. Chandler could have done that, he should have done that, and because he did not, he is precluded from doing so here. Attorney Branchaud thus is entitled to dismissal on this basis.

*Claim preclusion regarding Attorney Furlan*

Though none of the parties briefs it explicitly, Attorney Furlan's claim preclusion argument presents a novel issue of what has been referred to as nonmutual claim preclusion. See 18A Fed. Prac. & Proc. Juris. § 4464.1 (encouraging courts to address nonmutual claim preclusion directly and avoid "bogus" privity findings). Attorney Furlan was not a named defendant in the federal case. He thus cannot assert the identity of the parties that claim preclusion typically requires. There are classic exceptions to the identical-parties requirement. See, e.g., *Faulkner*, 2004 VT 123, ¶ 6 (noting that an indemnity relationship between two defendants established privity between them and thus allowed a defendant in the subsequent litigation that was not a defendant in the initial litigation to invoke claim preclusion); see also 18A Fed. Prac. & Proc. Juris. §§ 4448–4465.5 (discussing privity, mutuality, and the nuances of exceptions to the identical-parties requirement). Though Attorneys Furlan and Branchaud worked at the same law firm at the time of the underlying events, it is not clear that any of the *common* exceptions to the identical-parties requirement applies in this case.

The court concludes, however, that this is the sort of unusual case in which nonmutual claim preclusion is appropriate. The issue is discussed in Wright and Miller as follows:

The most prominent decision directly permitting nonmutual claim preclusion is [*Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972)]. Both actions claimed a conspiracy to interfere with the plaintiff's campaign to be elected mayor by instituting criminal proceedings in state courts. The first action was dismissed with prejudice on the plaintiff's motion. The plaintiff then brought a second action on the same claim against the original defendants and some new defendants who had been named as conspirators but not joined in the first action. The court concluded that the new defendants had such a close and significant relationship with the original defendants that the second complaint "was merely a repetition of the first cause of action" that should be dismissed as to all defendants. Only claim preclusion could have accomplished this result, since no issues had been litigated or decided in the first action. The court's emphasis on the close relationship among all the defendants provides strong support for the conclusion that there was no reasonable excuse for failure to join them all in the first action, and that claim preclusion is accordingly just.

Other decisions have permitted nonmutual claim preclusion in generally comparable circumstances, at times relying directly on the *Gambocz* decision. . . .

\* \* \*

*Nonmutual claim preclusion is most attractive in cases that seem to reflect no more than a last desperate effort by a plaintiff who is pursuing a thin claim against defendants who were omitted from the first action because they were less directly involved than the original defendants.*

18A Fed. Prac. & Proc. Juris. § 4464.1 (2d ed.) (footnotes omitted, emphasis added). This is precisely the case here.

Mr. Chandler's claims arise out of his perceptions about his legal representation by Attorney Branchaud. He believes that Attorney Branchaud purposely caused him to lose his criminal case due to a dispute over legal fees or other reasons. The claims that he raises in this case against Attorney Branchaud are plainly precluded by the judgment in Attorney Branchaud's favor in the federal case. His allegation in this case against Attorney Furlan, who was associated with Attorney Branchaud at the time, is merely that he was aware of Attorney Branchaud's plot. He does not allege that he was actively represented by Attorney Furlan in the criminal case. There is no other cause of action against Attorney Furlan.

There is no justification for a second lawsuit so Mr. Chandler can explore his claim against Attorney Furlan. Mr. Chandler could have sued Attorney Furlan in the federal case, Attorney Furlan's involvement in the underlying events was marginal at best, and allowing this case to proceed against him would permit Mr. Chandler to attempt to prove the claims against Attorney Branchaud that are precluded. The proof of those claims is an essential predicate to the claim against Attorney Furlan. As the Vermont Supreme Court has explained, "[t]he doctrine of claim preclusion advances the efficient and fair administration of justice because it serves '(1) to conserve the resources of courts and litigants by protecting them against piecemeal or repetitive

3

litigation; (2) to prevent vexatious litigation; (3) to promote the finality of judgments and encourage reliance on judicial decisions; and (4) to decrease the chances of inconsistent adjudication.'" *Faulkner*, 2004 VT 123, ¶ 9 (quoting *In re Tariff Filing of Cent. Vermont Pub. Serv. Corp.*, 172 Vt. 14, 20 (2001)).  Applying it here advances these interests.

Because claim preclusion bars all claims against both Defendants, it is unnecessary to address their other dismissal arguments.

## ORDER

For the foregoing reasons, Defendants' Motions to Dismiss are *granted*.

Dated this 30th day of September 2015.


_____
Mary Miles Teachout
Superior Judge