**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1867
_____

BOUAZZA OUAZIZ,
                                        Appellant

v.

PHIL MURPHY, Governor of New Jersey—Individually and Personal Capacity;
SARAH ADILMAN, Chief Executive of Department of Human Service; FRANK
MEZZA, Deputy Director Department of Family Service Hudson County—Individually
and Personal Capacity; ROBERT B. KNAPP, Division Director Welfare Department of
Family Service Hudson County—Individually and Personal Capacity; THOMAS A.
DEGISE, County Executive Department of Family Service Hudson County—Individu-
ally; ROBERT MARTINOVIC, Department Director Department of Family Service
Hudson County—Individually and Personal Capacity; LULA LEE, Child Support, Hud-
son County Individually and Personal Capacity; NOURA ELGHAZOINI, Individually
and Personal Capacity; BABY JOHN DOES, Individually and Personal Capacity;
JUDGE GARY POTTERS, Individually and Personal Capacity; JUDGE JEFFREY R.
JABLONSKI, Individually and Personal Capacity; HUDSON COUNTY PROBATION
OFFICERS I–X; LEONARD COHEN, Individually and Personal Capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-02696)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 25, 2024

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 2, 2024)

_____

OPINION*

_____

PER CURIAM

Bouazza Ouaziz appeals pro se from the District Court's orders dismissing his complaint and denying his motion for reconsideration. We will affirm.

I.

In 2022, Ouaziz filed an amended civil rights complaint in the District Court against dozens of defendants. Ouaziz's factual allegations generally related to his relationship with, and subsequent divorce from, Noura Elghazani, as well as related state court proceedings that appear to have involved DNA testing. The allegations spanned familial disputes, domestic violence incidents, immigration matters, sexual assault, assault, constitutional violations, judicial conspiracy, and medical services fraud. The District Court dismissed the complaint, mostly for failure to comply with Federal Rule of Civil Procedure 8. We affirmed, agreeing with the District Court's determination that the complaint was "convoluted and difficult to understand" and that it "fail[ed] to provide a clear narrative of either the factual or legal basis for Plaintiff's claims." *Ouaziz v. City of Jersey City*, No. 22-3385, 2023 WL 7001846, at *1, *3 (3d Cir. Oct. 24, 2023).

In May 2023, Ouaziz filed another complaint in the District Court against many of the same defendants, including Elghazani. The defendants filed motions to dismiss on various

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

grounds, including for failure to state a claim. The District Court granted the motions and dismissed the complaint with prejudice.[1] The District Court determined that the complaint was substantially similar to Ouaziz's prior complaint and that it was "littered with deficiencies" that support dismissal, including that the claims were barred by res judicata and by judicial immunity. ECF 36 at 7. Ouaziz filed a timely motion for reconsideration, which the District Court denied. This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. *See United States v. Studivant*, 529 F.2d 673, 674 n.2 (3d Cir. 1976). We exercise plenary review over the District Court's dismissal here. *See Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 105 F.4th 67, 72 (3d Cir. 2024); *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "We generally review the District Court's denial of reconsideration for abuse of discretion." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). We may affirm a District Court's order on any basis supported by the record. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[1] The District Court's order also resolved related matters that Ouaziz does not challenge on appeal, such as vacating the entry of a default judgment against certain defendants and denying Ouaziz's motion for a default judgment. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).

## III.

We agree with the District Court's determination that the alleged facts, causes of action, and defendants here are essentially the same as those in Ouaziz's prior suit. As the District Court aptly explained when it conducted a thorough comparison of the complaints, the "causes of action almost entirely overlap," and Ouaziz's claims in both cases are based on the same wide-ranging set of facts related to his relationship with his ex-wife. *See* ECF 36 at 3–4. Thus, we agree with the District Court's conclusion that res judicata bars Ouaziz's claims here.[2] *See Davis v. Wells Fargo*, 824 F.3d 333, 341–42 (3d Cir. 2016) (explaining that res judicata requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action," including claims that "could have been brought" in the prior suit (internal quotation marks omitted)); *see also Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) (explaining that res judicata "may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants").

On appeal, as in his motion for reconsideration, Ouaziz has primarily argued that res judicata does not bar his claims because he has raised more recent factual allegations against new defendants who allegedly "formulated another conspiracy" to deprive Ouaziz of his rights. Appellant's Br. at 28. To the extent that these claims even arguably render res

---

[2] To the extent that Ouaziz argues that the District Court erred by raising the issue of res judicata sua sponte, we discern no reversible error here. *See generally Arizona v. California*, 530 U.S. 392, 412 (2000).

judicata inapplicable, we agree with the District Court's denial of reconsideration and its alternative conclusion that Ouaziz's claims based on "another conspiracy" appear to be brought against judicial defendants who are immune from suit. *See Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) ("A judge will not be deprived of immunity because the action he took is in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (cleaned up). Moreover, to the extent that judicial immunity may be inapplicable to some defendants, we affirm the District Court's dismissal of the entire complaint, and the District Court's denial of reconsideration, on alternative grounds. Namely, for reasons similar to those we provided in Ouaziz's prior appeal from the dismissal of essentially the same complaint, the complaint here fails to state any claim to relief that is plausible on its face. *See Ouaziz*, 2023 WL 7001846, at *3 (concluding that Ouaziz "fail[ed] to provide a clear narrative of either the factual or legal basis for [his] claims") (cleaned up).[3]

Accordingly, we will affirm.

---

[3] In light of this determination, we need not address the District Court's alternative ruling on statute of limitations grounds.