**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2522
_____

RAHIM R. CALDWELL,
                              Appellant

v.

AMAZON.COM SERVICES LLC; ROBIN LUCCI; CORI KONOPKA;
BRIAN OLIVER; VINCENT SAMPOLI; HENRY VACA;
TIMOTHY DHULOS; JAMES LOOMIS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:24-cv-10666)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2026
Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed May 29, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Rahim Caldwell appeals *pro se* from the District Court's order dismissing with prejudice a complaint that he filed against Amazon.com Services LLC ("Amazon"), his former employer, and several of its employees. We will affirm.

Amazon originally fired Caldwell in early September 2022 due to a systemic error in its timekeeping software that recorded his paid time off as unexcused shift breaks. The company's Human Resources Department discovered the error, reinstated Caldwell in early October, and agreed to pay him lost wages for the time he was not working. When his backpay had not arrived by October 19, Caldwell complained to an onsite medical representative using derogatory language and became disruptive. Loss Prevention Specialists Cori Konopka and Vincent Sampoli arrived and attempted to interview Caldwell about the episode, but he refused to answer their questions; Caldwell eventually left the building after Konopka contacted the police. On October 28, following an internal investigation, Amazon terminated Caldwell for failing to cooperate during the initial interview and for using abusive language in the workplace.

Caldwell believes that he was being unfairly punished for lodging complaints, so he filed three successive lawsuits against the company and various ex-coworkers in the Superior Court of New Jersey raising a variety of claims, including wrongful termination and racial discrimination. Amazon removed each lawsuit to federal court. The District Court granted summary judgment in favor of Amazon, Konopka, and a human resources representative in the oldest of the three cases in October 2024 because Caldwell could not establish a causal connection between his firing and any protected activity and he failed

2

to rebut the company's legitimate, non-retaliatory reasons for terminating him. *See Caldwell v. Amazon.com Services LLC*, Civ. No. 1:22-cv-07251, Doc. 84 (D.N.J. Oct. 28, 2024) ("*Caldwell I*"). Caldwell did not appeal the final judgment in that case.

The instant appeal stems from the District Court's dismissal of Caldwell's second lawsuit, which he filed against Amazon, Konopka, and several new defendants. The court, in granting all defendants' motions to dismiss in a series of three orders, explained that Caldwell's claims were barred by the doctrine of *res judicata*. Caldwell appeals[1] and seeks leave to file an overlength brief.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's ruling. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

The District Court properly applied *res judicata* in dismissing Caldwell's claims. That doctrine, also known as claim preclusion, bars a litigant from commencing a second or serial lawsuit against the same or similar defendants based upon the same factual scenario giving rise to the first suit. *See Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). "A party seeking to invoke *res judicata* must establish three elements:

---

[1] The District Court dismissed Caldwell's third lawsuit on *res judicata* and other grounds in an identical letter order after he failed to oppose Amazon's motion in that case; the court separately docketed the order in both cases. *See Caldwell v. Amazon*, Civ. No. 1:24-cv-09267, Doc. 39 (D.N.J. Feb. 7, 2025) ("*Caldwell III*"). Although Caldwell filed a notice of appeal challenging the dismissal order, he did so on only the second lawsuit's docket, and it did not include the docket number for *Caldwell III*. Consequently, any arguments he now raises in hopes of resurrecting his third lawsuit are unavailing. But even assuming his appeal of the third lawsuit's dismissal properly was before us, Caldwell's challenge to the District Court's *res judicata* analysis as applied to that case would fail for the same reasons set forth below.

'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). When successfully invoked, claim preclusion "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Mullarkey*, 536 F.3d at 225.

Amazon and Konopka secured summary judgment on the merits in *Caldwell I*, thereby satisfying the test's first element. Caldwell cannot reasonably dispute that his second lawsuit is based upon the same cause of action (his termination) as *Caldwell I*, or that both cases involve the same defendants (Amazon and Konopka) or the company's privies (six other employees). *See Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972) (explaining that privity exists when there is a "close or significant relationship between successive defendants") (citing *Bruszewski v. United States*, 181 F.2d 419 (3d Cir. 1950)); *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989) (noting that most federal circuits have concluded that employer-employee relationships may ground a claim preclusion defense). *Res judicata* thus bars his lawsuit.

Accordingly, we grant Caldwell's motion to file an overlength brief and we will affirm the District Court's judgment.

4